**Macky BARRY, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General,[1] Respondent.**

**No. 08–1665–ag.**

United States Court of Appeals, Second Circuit.

March 2, 2009.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Matthew J. Harris, Brooklyn, NY, for petitioner.

Gregory G. Katsas, Assistant Attorney General, Linda S. Wernery, Assistant Director, Erica B. Miles, Office of Immigration Litigation, Washington, DC, for respondent.

Present: PIERRE N. LEVAL, ROSEMARY S. POOLER, and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Macky Barry, a native and citizen of Guinea, seeks review of the March 10, 2008 order of the BIA affirming the March 14, 2006 decision of Immigration Judge ("IJ") Noel Ann Brennan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Macky Barry,* No. A95 846 331, (B.I.A. Mar. 10, 2008), *aff'g* No. A95 846 331 (Immig. Ct. N.Y. City Mar. 14, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA agrees with the IJ that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008).

We conclude that substantial evidence supports the agency's adverse credibility determination to which we afford substantial deference. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). In particular, the IJ reasonably found that Barry's unresponsive, vague, and non-specific answers during the hearing raised serious questions about his credibility. And the IJ properly noted the multiple inconsistencies within Barry's testimony and between his testimony and his asylum application, specifically, Barry's inconsistent answers regarding the dates and details of his arrests. Because these discrepancies concern matters central to Barry's claim, his argument on appeal that they were "minor" is totally unpersuasive. *See Secaida–*

*Rosales v. INS*, 331 F.3d, 297 at 308–09 (2d Cir.2003). Moreover, the IJ was not required to credit Barry's explanation for his inconsistent testimony, which was that he suffered memory loss as a result of beatings he suffered while in prison. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005) (the agency need not credit an applicant's explanation for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

An applicant's failure to corroborate his testimony may, moreover, bear on his credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has been called into question. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006). Here, Barry provided only limited corroborative evidence, and, as the IJ noted, the Guinea government-issued documents that Barry did submit were problematic because, *inter alia,* the date that the documents were supposedly issued corresponded with the dates that Barry was allegedly incarcerated or already in the United States. The IJ therefore did not err in finding that this lack of corroboration further undermined his credibility. The IJ's adverse credibility finding was thus supported by substantial evidence. Because the only evidence of a future threat of persecution or torture depended upon his credibility, the IJ's adverse credibility determination necessarily precludes success on Barry's claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the pending motion for a stay of removal as moot.